Filed 12/15/22  P. v. Perry CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MANUEL PERRY,<br><br>Defendant and Appellant. | B319583<br><br>(Los Angeles County<br>Super. Ct. No. BA230628) |

THE COURT:

In 2003, a jury found defendant and appellant Manuel Perry guilty of two counts of carjacking (Pen. Code, § 215, subd. (a)),[1] two counts of robbery (§ 211), and two counts of kidnapping for ransom (§ 209, subd. (a)).  As to the kidnapping for ransom counts, the jury found true allegations that the victims suffered bodily harm or were intentionally confined in a manner that exposed them to a substantial likelihood of death.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

(§ 209, subd. (a).)  The trial court sentenced defendant to two consecutive prison terms of life without the possibility of parole.

On direct appeal, we affirmed the judgment but directed the trial court to correct the abstract of judgment to strike a reference to a parole revocation fine.  (*People v. Gomez* (Aug. 18, 2004, B168688) [nonpub. opn.], p. 31.)

On August 4, 2021, defendant, in propria persona, filed a petition for resentencing under section 1172.6 (former § 1170.95).[2]  The trial court appointed counsel to represent defendant.  The People filed an opposition to the petition.  Appointed counsel submitted on defendant's petition.  Defendant personally filed a separate response.

On February 25, 2022, the trial court denied the petition on the ground that defendant was not convicted of a homicide offense and, therefore, was not eligible for relief under section 1172.6.  Defendant timely appealed from the ruling.

Counsel was appointed to represent defendant in connection with this appeal.  After reviewing the record, counsel filed a brief raising no issues and asking this court to follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).  We then notified defendant that he could personally submit a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments for us to consider.  Defendant submitted a supplemental brief.

Because this appeal is from an order denying postjudgment relief, we are not required to conduct an independent review of the record for arguable issues.  (*People v. Cole* (2020)

---

[2]  Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.) For simplicity, we refer to the section by its new numbering.

52 Cal.App.5th 1023, 1039–1040 (*Cole*), review granted Oct. 14, 2020, S264278; see also *Serrano*, *supra*, 211 Cal.App.4th at p. 503.)[3] While we would typically evaluate the merits of arguments presented in defendant's supplemental brief (*Cole*, *supra*, at p. 1040), here defendant has not set forth any arguments pertaining to the denial of his section 1172.6 petition. Rather, he requests "that all charges be dismissed" because the prosecutor allegedly failed to bring him before a magistrate judge within 48 hours of his arrest in 2002. Defendant also contends

---

[3] A split of authority exists as to whether the independent review mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) should be applied to an appeal from the denial of a section 1172.6 petition. (Compare *Cole*, *supra*, 52 Cal.App.5th at p. 1028 ["*Wende*'s constitutional underpinnings do not apply to appeals from the denial of postconviction relief"]; *People v. Figueras* (2021) 61 Cal.App.5th 108, 111, review granted May 12, 2021, S267870 ["the procedures set forth in *Wende* do not apply to appeals from the denial of postconviction relief"]; *People v. Griffin* (2022) 85 Cal.App.5th 329, 335–336 ["the interests of justice call for an independent review of the record as an additional layer of protection from the risk of a defendant remaining unlawfully incarcerated because of a failure to discover a meritorious issue in his or her appeal from the denial of their section 1172.6 resentencing petition"]; *People v. Flores* (2020) 54 Cal.App.5th 266, 274 ["although it is not required under law, we think an appellate court can and should independently review the record on appeal when an indigent defendant's appointed counsel has filed a *Wende* brief in a postjudgment appeal from a summary denial of a section [1172.6] petition (regardless of whether the petitioner has filed a supplemental brief)"].) Pending further clarification from our Supreme Court, we continue to adhere to the reasoning and procedures set forth in *Cole*, *supra*, 52 Cal.App.5th at pages 1035–1040.

that the prosecutor knowingly "presented false evidence" during trial.[4]  These arguments are unrelated to the order from which defendant appeals and, therefore, are not properly before us.

In short, we have been presented with no basis for reversing the trial court's denial of defendant's section 1172.6 petition.

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

LUI, P. J.　　　　ASHMANN-GERST, J.　　　　HOFFSTADT, J.

_____

[4]　Attached to his eight-page supplemental brief, defendant submitted 276 pages of exhibits, including various trial court filings and transcripts.  To the extent that these documents are not part of the appellate record, we decline to consider them. (See *Hodge v. Kirkpatrick Development, Inc.* (2005) 130 Cal.App.4th 540, 546, fn. 1 [declining to consider document attached to brief that was not part of the appellate record]; cf. Cal. Rules of Court, rule 8.204(d) ["[a] party filing a brief may attach copies of exhibits or other materials in the appellate record" not exceeding 10 pages].)